CORTLIN H. LANNIN (SBN 266488)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email:  clannin@cov.com

*Attorneys for Defendant The Procter & Gamble Company*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TARA AMADO, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE CO.,<br><br>Defendant | Civil Case No.: 3:23-cv-06308-MMC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY CASE PENDING RESOLUTION OF MOTION TO TRANSFER RELATED ACTION TO THIS FORUM**<br><br>Date:      April 19, 2024<br>Time:      9:00 AM<br>Location: Courtroom 7 - 19th Floor<br>Judge:     Hon. Maxine M. Chesney |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................................... 1

STATEMENT OF RELIEF SOUGHT ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

I. INTRODUCTION ....................................................................................................... 1

II. BACKGROUND .......................................................................................................... 2

    A. Prior Proceedings .............................................................................................. 2

    B. The New Cases and P&G's Motion to Transfer ................................................ 3

    C. Status of This Case ............................................................................................ 3

III. LEGAL STANDARD .................................................................................................. 4

IV. ARGUMENT ................................................................................................................ 5

    A. A Stay Will Not Prejudice Plaintiff. ................................................................. 5

    B. P&G Will Be Prejudiced Absent a Stay. ........................................................... 5

    C. A Stay Would Promote Judicial Economy. ...................................................... 6

V. CONCLUSION ............................................................................................................ 7

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on April 19, 2024, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Maxine M. Chesney, in Courtroom 7 of the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California, Defendant The Procter & Gamble Company ("P&G") will move this Court to stay this action pending resolution of P&G's motion to transfer a related action now pending in the Southern District of New York to this Court.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the Declaration of Cortlin H. Lannin; the papers on file in this action; any Reply that P&G may file in support of this Motion; and any evidence and argument presented to the Court.

## STATEMENT OF RELIEF SOUGHT

P&G seeks an order staying this action until the resolution of P&G's pending motion to transfer a related action, *Pellegrino v. The Procter & Gamble Co.*, Civil Case No. 7:23-cv-10631-KMK (S.D.N.Y.), to this Court, in the interests of consolidating or coordinating that action with this one if transfer is ordered.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case reflects Plaintiff Tara Amado's second attempt to challenge the labeling of P&G's Metamucil fiber supplement. Last year, she and another individual named Regina Pellegrino brought a complaint against P&G in this forum alleging that the labeling of Metamucil is false or misleading because the products contain added sugar. This Court dismissed that complaint without prejudice on preemption grounds, and plaintiffs declined to amend. Now, Ms. Amado has filed the instant complaint asserting that the labeling of Metamucil is deceptive because the products supposedly contain lead. On the same day Ms. Amado filed this complaint, Ms. Pellegrino also sued P&G again, albeit in the Southern District of New York. That complaint, which is assigned to Judge Kenneth M. Karas, also challenges the labeling of Metamucil and combines the added-sugar claims that this Court already dismissed last year with the new lead allegations that also appear in this case.

Because Ms. Pellegrino is (i) attempting to resuscitate in New York claims that this Court already dismissed, and (ii) asserting lead-related allegations that are identical to those asserted by Ms. Amado,

P&G is now moving to transfer *Pellegrino* to this Court.  Judge Karas, who expressed concern that Ms. Pellegrino is engaged in forum shopping during a pre-motion conference, has ordered full briefing on P&G's motion, which will be complete by May 13, 2024.  Meanwhile, in this case, Plaintiff served discovery on P&G at the first possible moment, and P&G's motion to dismiss the complaint is due by April 3, 2024.  In light of those pending deadlines, which will elapse before Judge Karas decides whether to transfer *Pellegrino* to this Court, P&G now respectfully moves for a brief stay of this action until the status of *Pellegrino* is resolved.

There is good cause for a brief stay.  *First*, Plaintiff will not suffer any prejudice from a short stay, given that this case is at a very early stage and she cannot provide any plausible reason this case should barrel ahead of *Pellegrino*.  *Second*, and by contrast, P&G will suffer significant prejudice absent a stay, as it would have to expend substantial time and resources moving to dismiss the instant complaint and engaging in discovery even though it remains likely that *Pellegrino* will be transferred to this Court in a few months and require the *exact same work*.  *Finally*, the interests of judicial economy strongly favor a stay.  If Judge Karas transfers *Pellegrino* to this forum, the parties can work to consolidate or at least coordinate the two actions.  That includes developing a coherent schedule that puts the cases on the same timetable and seeks to combine initial motions practice, while minimizing duplicative and redundant proceedings.  Neither the parties' nor the Court's interests are served by permitting this case to move ahead of *Pellegrino* by several months, thus requiring duplicative motion practice and discovery that could readily be coordinated.

## II.   BACKGROUND

### A.   Prior Proceedings

Plaintiff Tara Amado and another individual named Regina Pellegrino filed a complaint against P&G in this forum last year alleging that the inclusion of added sugar in certain Metamucil fiber supplements rendered the labeling of those products false and misleading.  *See Amado v. The Procter & Gamble Co.*, No. 22-cv-05427-MMC (N.D. Cal.) ("*Amado I*").  On June 8, 2023, this Court granted P&G's motion to dismiss that complaint on preemption grounds.  *See* 2023 WL 3898984 (N.D. Cal. June 8, 2023) (Chesney, J.).  Ms. Amado and Ms. Pellegrino declined this Court's invitation to amend their complaint and instead voluntarily dismissed it.

### B. The New Cases and P&G's Motion to Transfer

Six months after this Court dismissed her last complaint, Ms. Amado filed the instant complaint against P&G. She again alleges that the labeling of Metamucil is misleading—this time because it allegedly contains unsafe levels of lead. *See* ECF No. 1 (Complaint). On the same day, her former co-plaintiff Ms. Pellegrino also filed a complaint against P&G, albeit in the Southern District of New York. *See* ECF No. 18-1 (*Pellegrino* Complaint). Ms. Pellegrino's complaint also alleges that the labeling of Metamucil is false and misleading, and asserts two theories of deception. First, she asserts the exact same added-sugar claims that this Court already dismissed as a matter of law in *Amado I*. Second, she asserts the same lead-related allegations that Ms. Amado is asserting in the instant case. Across all three of these cases, Ms. Amado and Ms. Pellegrino have been represented by the same counsel.

Given the obvious factual and legal overlap between this case and Ms. Pellegrino's complaint in the Southern District of New York, as well as the prospect that Ms. Pellegrino is engaged in forum shopping, P&G is moving to transfer the *Pellegrino* action to this forum. Lannin Decl. ¶ 3. Following the submission of the parties' pre-motion letters, Judge Karas convened a pre-motion conference on February 27, 2024. *Id.* ¶ 4. During that conference, Judge Karas expressed concern that Ms. Pellegrino was attempting to resuscitate in his court claims that this Court had previously dismissed. *Id.* He ordered full briefing on P&G's motion, which will be complete by May 13, 2024. *Id.* ¶ 5. In the meantime, P&G's deadline to respond to the *Pellegrino* complaint is stayed. *Id.*

### C. Status of This Case

In the instant case, there is currently a CMC scheduled for March 15, 2024. *See* ECF No. 12. On February 20, 2024, Plaintiff's counsel contacted P&G's counsel to schedule a Rule 26(f) conference. Lannin Decl. ¶ 6. P&G's counsel responded that, in P&G's view, its deadline to respond to the complaint and the CMC (and the Rule 26(f) conference) should be deferred until the status of the *Pellegrino* matter was resolved. *Id.* ¶ 6. Plaintiff's counsel agreed to discuss these issues, but only in the context of a Rule 26(f) conference. *Id.* The parties attended a Rule 26(f) conference on February 23, 2024, during which Plaintiff's counsel agreed to extend P&G's response deadline by 30 days if P&G agreed to participate in the CMC as currently scheduled. *Id.* ¶ 7. The parties then entered a stipulation extending P&G's deadline to respond to the complaint to April 3, 2024. *See* ECF No. 21.

Within hours of the Rule 26(f) conference, Plaintiff served discovery on P&G, including her first set of requests for production and interrogatories. *See* Lannin Decl. ¶ 8 and Exs. A (Plaintiff's First Set of Requests for Production) and B (Plaintiff's First Set of Interrogatories). The document requests and interrogatories seek information about, *inter alia*, individuals involved in the formulation and marketing of Metamucil; the labeling, marketing, composition, manufacturing, and testing of the products; and P&G's document and information preservation policies. *See id.* P&G's responses to that discovery are currently due by March 25, 2024. Lannin Decl. ¶ 8.

* * *

To summarize:

- Plaintiff has served discovery requests on P&G with a current response deadline of March 25, 2024.
- P&G's current deadline to move to dismiss Plaintiff's complaint is April 3, 2024.
- Briefing on P&G's pending motion to transfer the related *Pellegrino* matter to this Court will be complete on May 13, 2024, and its deadline to respond to that complaint has been deferred in the meantime.
- As such, absent a stay or other relief, P&G must respond to Plaintiff's discovery requests and complaint before it is known whether *Pellegrino* will be transferred to this Court and presumably coordinated with this action.

### III.    LEGAL STANDARD

It is well established that the Court "has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972); *see also Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (a court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case"). In evaluating whether to grant a stay, district courts "weigh the following 'competing interests,' or '*Landis* factors': (1) 'the possible damage which may result from the granting of a stay,' (2) 'the hardship or inequity which a party may suffer in being required to go forward,' and (3) 'the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law.'" *Grundstrom v. Wilco Life Insurance Co.*, 2023 WL

8429789, at *2 (N.D. Cal. Dec. 4, 2023) (Chesney, J.) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  All three factors favor a stay here.

IV.   **ARGUMENT**

   A.   **A Stay Will Not Prejudice Plaintiff.**

Plaintiff will not be prejudiced by a short stay while Judge Karas adjudicates P&G's motion to transfer *Pellegrino* to this Court.  To start, briefing on that motion closes on May 13, 2024, and there is no reason to expect Judge Karas will delay in deciding the motion—especially since he is already familiar with the issues given the pre-motion conference he convened with the parties, during which he expressed concern about Ms. Pellegrino's apparent forum shopping.  As such, it is likely that the status of *Pellegrino* will be resolved within a few months, and "any delay caused by this stay will be of very short duration."  *Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (granting stay where "the Court observes no meaningful prejudice that a stay would cause to Plaintiff").

In the meantime, no scheduling order has issued in this case and nothing of substance has occurred.  While Plaintiff did insist on holding a Rule 26(f) conference and served discovery immediately thereafter, there is no plausible reason that Plaintiff needs responses to that discovery *now*.  That is particularly the case when P&G's eventual motion to dismiss this case (and *Pellegrino*) will seek to dismiss the entire complaint on various grounds, including preemption, lack of Article III and statutory standing, and Plaintiff's failure to state a claim.  *See* Lannin Decl. ¶ 9.  None of these arguments require additional discovery to resolve.  *See, e.g.*, *Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022) (staying discovery where motion to dismiss would be dispositive of entire case and did not require discovery to adjudicate).

Indeed, if anything a short stay would presumably *benefit* Plaintiff to the extent that coordination would permit her to conserve resources that would otherwise be expended on litigating two closely-related cases on separate tracks.

   B.   **P&G Will Be Prejudiced Absent a Stay.**

Granting a short stay would avoid significant harm to P&G.  Absent a stay, P&G will be required to immediately undertake the costly and burdensome work of moving to dismiss the complaint, responding to Plaintiff's discovery and initiating discovery of its own, and litigating other pre-trial issues even while

it remains likely *Pellegrino* will be transferred to this Court in a few months and require the exact same work. The inefficiencies inherent in this approach would frustrate the purpose of transfer, which "is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort of the parties, the attorneys, the witnesses, and the courts." *Johansson v. Cent. Garden & Pet Co.*, 2010 WL 4977725, at *5 (N.D. Cal. Dec. 2, 2010) (citation omitted). As courts recognize, a stay is appropriate where it "will not only conserve the resources of this Court, but will also preserve those of both parties involved while simultaneously allowing them to tailor discovery and avoid duplicative or unnecessary tasks." *Fuller*, 2009 WL 2390358, at *2 (staying case pending transfer decision).

       **C.**    **A Stay Would Promote Judicial Economy.**

Staying this action until the status of *Pellegrino* is resolved will promote the "orderly course of justice" by permitting the efficient consolidation or at least coordination of *Pellegrino* with this case. *Grundstrom*, 2023 WL 8429789, at *2. For example, if *Pellegrino* is transferred, the two cases could be consolidated with a single schedule that combines or at least coordinates initial motions practice and later phases of the cases, while minimizing duplicative or redundant proceedings. *See, e.g.*, *Franklin v. Prospect Mortgage, LLC*, 2013 WL 6423389, at *2 (E.D. Cal. Dec. 9, 2013) (reasoning "a temporary stay would promote judicial economy and efficiency by preventing any possible duplicative efforts by this Court").

In contrast, absent a stay this case will be at least a few months ahead of the *Pellegrino* case, raising the inevitability of piecemeal litigation and discovery. For instance, P&G would need to move to dismiss the instant complaint and then, several months later, the *Pellegrino* complaint. There is no good reason for the parties to brief, and this Court to consider, successive motions to dismiss that will raise substantially similar issues when those arguments could be consolidated in a single motion. Similarly, if discovery proceeds in this case, the parties will be forced to respond to discovery requests and potentially litigate discovery disputes even while *Pellegrino* will implicate similar issues, again raising the prospect of inefficient proceedings and successive motions practice. This "[d]uplication of case management tasks" is not, needless to say, "an economical use of judicial resources." *Fuller*, 2009 WL 2390358, at *2; *see, e.g.*, *Franklin*, 2013 WL 6423389, at *2 (granting stay pending potential transfer to MDL, reasoning a

"stay would promote judicial economy because the same judge should hear all discovery issues, case management and scheduling, and motions once the transfer has taken place").[1]

## V. CONCLUSION

For the foregoing reasons, P&G respectfully requests that the Court stay this action until P&G's motion to transfer *Pellegrino* to this Court is resolved. P&G proposes that the parties submit a joint status report to this Court within two weeks of Judge Karas' decision that includes a proposal for how to proceed.

Dated: March 8, 2024

Respectfully submitted,

By: */s/ Cortlin H. Lannin*
CORTLIN H. LANNIN (SBN 266488)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: clannin@cov.com

*Attorneys for Defendant The Procter & Gamble Co.*

---

[1] If Judge Karas declines to transfer *Pellegrino* and it is then clear that P&G will need to file two motions to dismiss in two separate cases, P&G has suggested that Judge Karas stay *Pellegrino* while the parties brief a motion to dismiss in this case. That would ensure Judge Karas has the benefit of this Court's reasoning on both the added-sugar claims and the lead-related claims that are presented in *Pellegrino* when he eventually takes up P&G's motion to dismiss in that case. This too would promote judicial economy in the event transfer is denied.