CORTLIN H. LANNIN (SBN 266488)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105
Telephone: (415) 591-6000
clannin@cov.com

*Attorneys for Defendant The Procter & Gamble Company*

*[Additional Counsel on Signature Block]*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TARA AMADO, on behalf of herself, all others similarly situated, and the general public, | Civil Case No.: 3:23-cv-06308-MMC |
|     Plaintiff, | **JOINT STATUS REPORT** |
|     v. | |
| THE PROCTER & GAMBLE CO., | |
|     Defendant. | |

Pursuant to the Court's April 3, 2024 order staying this case (the "Stay Order"), ECF No. 32, Plaintiff Tara Amado ("Plaintiff") and Defendant The Procter & Gamble Company ("P&G") jointly submit this status report following the court's order in *Pellegrino v. Procter & Gamble Co.*, Civil Case No. 7:23-cv-10631-KMK (S.D.N.Y.), denying P&G's motion to transfer that action to this Court. Pursuant to the Stay Order, this joint status report sets forth the parties' proposal for how this case should proceed.

**I.    Background**

On December 6, 2023, Plaintiff filed a Complaint against P&G, alleging that the inclusion of lead in certain Metamucil products rendered the labeling of those products false and misleading. *See* ECF No. 1 ("Complaint"). On the same day, Regina Pellegrino also filed a Complaint against P&G in the Southern District of New York, *Pellegrino v. Procter & Gamble Co.*, Civil Case No. 7:23-cv-10631-KMK (S.D.N.Y.) ("*Pellegrino*"), alleging that the inclusion of lead in certain Metamucil products (and added sugar in one of them) rendered the labeling of those products false and misleading.

P&G subsequently moved the *Pellegrino* court to transfer that action to this Court. It also moved this Court to stay this action until that motion to transfer was resolved. ECF No. 23. On April 3, 2024, this Court granted P&G's motion to stay this case and ordered the parties to submit a joint status report to the Court within 14 days of receiving an order from the *Pellegrino* court regarding P&G's motion to transfer, and to include in that status report "a proposal for how to proceed" in this case. ECF No. 32.

**II.    Status of the *Pellegrino* Action**

On January 17, 2025, the *Pellegrino* court denied P&G's motion to transfer that action to this Court, denied P&G's motion to stay that case in the alternative, and set a telephonic status conference for February 6, 2025. The parties anticipate the *Pellegrino* court will wish to discuss at that conference a schedule for P&G's forthcoming motion to dismiss the *Pellegrino* case and other case deadlines.

**III.    Proposal for this Action**

**A.    Motion to Dismiss**

P&G intends to file a motion to dismiss Plaintiff's Complaint. The parties have conferred and propose the briefing schedule set forth below.

- Deadline for P&G's opening motion to dismiss: **March 7, 2025**

- Deadline for Plaintiff's opposition to the motion: **March 21, 2025**

- Deadline for P&G's reply in support of the motion: **April 4, 2025**

- Hearing on the motion: **April 18, 2025 at 9 PT**, or thereafter as the Court's schedule permits

### B.    Existing Stay of Discovery

The parties disagree as to whether the existing stay of discovery should continue until P&G's upcoming motion to dismiss is resolved. Their respective positions are set forth below.

### 1.    P&G's Statement

Plaintiff first served discovery on P&G on February 23, 2024, just hours after the parties completed their Rule 26(f) conference earlier that day. The discovery included requests for production and interrogatories. As noted above, P&G subsequently moved to stay this case, including discovery, until the *Pellegrino* court resolved P&G's motion to transfer that action to this Court. At the parties' initial Case Management Conference on March 15, 2024, the parties discussed with the Court whether discovery should proceed. The Court observed that "ordinarily, we don't . . . necessarily have discovery start until the pleadings are, you know, kind of settled." *See* Declaration of Cortlin Lannin ("Lannin Decl.") Ex. A (March 15, 2024 Hr'g Tr.) at 15. However, the Court did permit "very limited" discovery to proceed that would go to "the heart of [P&G's] motion to transfer" *Pellegrino* (*id.* at 15-16)—in other words, only information that was directly relevant to Plaintiff's argument against transferring *Pellegrino* to this forum. As ordered by this Court, that included information about the "[i]dentification and location of suppliers; Identification and location of plants that supplied stores at which plaintiff Amado bought Metamucil; [and] Identification and location of testing laboratories defendant used or plans to use for this case." *See* ECF No. 25 (March 15, 2024 Minute Entry).[1] The Court otherwise stayed discovery, and on April 4, 2024 entered the Stay Order staying the entire case.

P&G believes the existing stay of discovery should remain in effect until the Court resolves P&G's upcoming motion to dismiss, which will raise arguments that are dispositive of the entire case. As the

---

[1] P&G subsequently provided to Plaintiff the limited discovery ordered by the Court.

Court stated at the parties' CMC, that is this Court's "ordinary[]" practice. Lannin Decl. Ex. A at 15; *see also, e.g.*, *Greenspan v. Musk*, 2024 WL 4933334, at *1 (N.D. Cal. Dec. 2, 2024) (Chesney, J.) (granting motion to stay discovery pending motion to dismiss); *Pearl v. Coinbase Global, Inc.*, 2024 WL 3048490, at *1 (N.D. Cal. June 17, 2024) (Chesney, J.) (same). This Court's ordinary practice is consistent with other judges in this District who have stayed discovery pending resolution of motions to dismiss. *See, e.g.*, *Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022) (staying discovery where motion to dismiss would be dispositive of entire case); *Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884 (N.D. Cal. Dec. 9, 2021) (granting motion to stay discovery pending resolution of motion to dismiss).

There is good cause to keep the existing stay of discovery in place until P&G's motion is resolved. Proceeding with burdensome discovery now would be inefficient and potentially wasteful when this Court could dismiss this case in its entirety later this spring. Indeed, and as this Court observed at the CMC, P&G does not "want to go full blown discovery and spend a lot of money dealing with it, only to find out they managed to get another, you know, dismissal." Lannin Decl. Ex. A at 15; *see also, e.g.*, *Kincheloe*, 2021 WL 5847884, at *2–3 (N.D. Cal. Dec. 9, 2021) (granting motion to stay discovery pending motion to dismiss in part because discovery sought would be "substantial undertaking" requiring "significant costs and attorney hours"). In addition, the stay of discovery will likely be brief, as the parties have proposed that this Court hear argument on P&G's upcoming motion to dismiss as soon as April 18, and this Court will likely rule soon thereafter. In other words, Plaintiff cannot credibly claim prejudice from maintaining the existing stay for a few more months. *Yiren Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *4 (N.D. Cal. Apr. 27, 2018) (granting motion to stay discovery until resolution of pending motion to dismiss and finding that plaintiff would not be "prejudiced by the limited stay"). In addition, discovery is not yet proceeding in the *Pellegrino* action, and Judge Karas' order implies it might not until that pleading is settled too. *See Pellegrino v. Procter & Gamble Co.*, 2025 WL 240762, at *8 (S.D.N.Y. Jan. 17, 2025) (declining to stay action where it could "complicate any efforts to coordinate discovery *should both complaints survive a motion to dismiss*") (emphasis added).

Finally, Plaintiff's extensive recitation below from P&G's motion to stay omits one important fact: that P&G's threshold motions practice in the *Pellegrino* court and this one was solely a response to Ms.

Pellegrino's attempt to resuscitate in New York claims that this Court previously dismissed. Indeed, while Judge Karas ultimately denied transfer—having concluded this Court would be unable to exercise personal jurisdiction over Ms. Pellegrino's new claims—he observed that P&G's "concerns about forum shopping . . . are not entirely unwarranted." *Id.*

### 2. Plaintiff's Statement

P&G's previous motion for a stay—filed nearly a year ago, on March 8, 2024—argued Plaintiff "cannot provide any plausible reason this case should barrel ahead of *Pellegrino*." Dkt. No. 23, Mot. at 2. It argued it would "suffer significant prejudice absent a stay, as it would have to expend time and resources . . . engaging in discovery even though it remains likely *Pellegrino* will be transferred to this Court in a few months and require the *exact same work*." *Id.* It said it was important to P&G that "the parties . . . work to consolidate or at least coordinate the two actions," which "includes developing a coherent schedule that puts the cases on the same timetable . . . while minimizing duplicative and redundant proceedings." *Id.*; *see also id.* at 6 ("if *Pellegrino* is transferred, the two cases could be consolidated with a single schedule that combines or at least coordinates initial motions practice and later phases of the cases, while minimizing duplicative or redundant proceedings"). And P&G acknowledged that "[n]either the parties' nor the Court's interests are served by permitting [one] case to move ahead of [the other] by several months, thus requiring duplicative . . . discovery that could readily be coordinated." *Id.* at 2; *see also id.* at 5 (arguing that "a short stay would presumably *benefit* Plaintiff to the extent that coordination would permit her to conserve resources that would otherwise be expended on litigating two closely-related cases on separate tracks"). In fact, P&G argued that "absent a stay this case will be *at least a few months* ahead of the *Pellegrino* case," and that even this small difference in time would "rais[e] the inevitability of piecemeal litigation and discovery." *Id.* at 6.

P&G's predictions were way off. Not only did Judge Karas reject its transfer motion, but it took far longer than the "few months" P&G promised. *See id.* at 5 ("[I]t is likely that the status of *Pellegrino* will be resolved within a few months . . . .") Now P&G again wants "a few more months" of evidence getting stale, and Plaintiff sitting around, even while *Pellegrino* proceeds, contrary the interest it has claimed over and over again in litigation efficiency. *See supra* at 4.

JOINT STATUS REPORT                                                Case No. 3:23-cv-06308-MMC

Plaintiff recognizes, as P&G points out, that this Court's usual practice is to stay discovery pending a motion to dismiss. But unlike most cases entering the Rule 12 stage, this action was filed in December 2023, more than a year ago now. Given P&G's failure to get the cases consolidated before one court, and its representation that it is concerned about coordinating discovery between the cases and avoiding duplicative work, the Court should decline under these circumstances to impose a discovery stay upon lifting the litigation stay. This is especially true since the *Pellegrino* court refused to stay that action, as P&G requested, in the interest of coordinating the cases as much as reasonably possible:

> [A] stay is not warranted here. Defendant has not articulated any compelling reason why it would be burdened if this Action proceeded, apart from its "interest[ ] in avoiding the expense and burden of briefing overlapping motions to dismiss at the same time that could result in inconsistent decisions." But this reason rings hollow, as the Parties, in any event, cannot avoid briefing both motions and cannot predict exactly when such briefing will be due in either court. Further, to the extent that Defendant claims a stay would be more efficient for the Parties, the two cases are now at the same stage of litigation. As Plaintiff points out, delaying one now while proceeding with the other will only complicate any efforts to coordinate discovery should both complaints survive a motion to dismiss.

*Pellegrino*, 2025 WL 240762, at *8 (internal record citations omitted).

DATED: January 31, 2025                           Respectfully submitted,

By:   */s/ Cortlin H. Lannin*                      By:   */s/ Jack Fitzgerald*

CORTLIN H. LANNIN                                  JACK FITZGERALD
COVINGTON & BURLING LLP                            FITZGERALD MONROE FLYNN PC
Salesforce Tower                                   2341 Jefferson Street, Suite 200
415 Mission Street, Suite 5400                     San Diego, California 92110
San Francisco, California 94105-2533               Telephone: (619) 215-1471
Telephone: (415) 591-6000                          jfitzgerald@fmfpc.com
clannin@cov.com

*Attorneys for Defendant The Procter &*            *Attorneys for Plaintiff*
*Gamble Co.*

1

## **FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), Cortlin H. Lannin hereby attests that concurrence in the filing of this document has been obtained from each of the above signatories.

Dated:  January 31, 2025                            By: _/s/ Cortlin H. Lannin_
                                                                           Cortlin H. Lannin